UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BURTON,
Plaintiff,

vs.

JOSEPH W. KIRBY, et al.,
Defendants.

Case No. 1:17-cv-767
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Gerald Burton, a resident of Middletown, Ohio, brings this action against Warren County Common Pleas Judge Joseph W. Kirby, Angela Herrick (aka Burton), and "State of Ohio (Ohio Supreme Court)." By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that his father, Richard Burton, died intestate in 2014. He alleges that while Cindy Burton, his sister, had Power of Attorney for all relevant matters of the estate, Angela Herrick (aka Burton), a resident of Florida, represented that she was the wife of Richard Burton. In February 2015, Judge Kirby appointed Angela Herrick fiduciary and administrator of the estate based on "a presumptive document of her marriage to Richard Burton." (Doc. 1 at 7). Plaintiff challenged this appointment and disputed the validity of the marriage of Ms. Herrick to his father. Plaintiff filed several motions in the probate court contesting the validity of the marriage, alleging that Ms. Herrick "abandoned the marriage" and perpetrated a fraud on the court. He also alleged that his father had a common law marriage with Marsha Burton and, therefore, his father's subsequent marriage to Angela Herrick Burton was void. Judge Kirby ruled that Ms. Herrick was the presumptive wife of the decedent who had legal right to the decedent's property. Plaintiff alleges Judge Kirby "created bias and prejudice which led to barriers being raised as a means of a fair settlement to the controversies." (Doc. 1-1 at 5). He alleges Judge Kirby was unfair, did not follow the law, and denied his motions without giving a reason. Plaintiff states his rights as a pro se litigant in the state court action were prejudiced because Judge Kirby creatively interpreted the law and neglected facts. Plaintiff

3

unsuccessfully appealed Judge Kirby's ruling to the Ohio Court of Appeals and the Ohio Supreme Court. Plaintiff alleges that the foregoing actions violated his right to due process under the law.

As relief, plaintiff seeks an injunction "commanding the State of Ohio and Judge Joseph W. Kirby to rescind the order and entry," declaratory relief, and damages.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, plaintiff, Judge Kirby, and the Ohio Supreme Court are domiciled in Ohio. Therefore, there is no complete diversity of citizenship among the parties. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any alleged state law claims.

Second, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63

4

(1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

The Court does not have jurisdiction to rescind the state court's judgment finding Ms. Herrick to be the presumptive wife of the decedent and awarding her the property of the decedent. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also Hines v. Franklin Savings & Loan,* No. 1:09cv914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Lawrence*, 531 F.3d at 368 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

Here, plaintiff directly challenges the state court's decision appointing Ms. Hedrick administrator of the decedent's estate and explicitly requests a reversal of that decision. The concrete actions that give rise to plaintiff's claims for relief arise solely from actions taken by the

5

defendants in the state-court proceedings and from the state court's substantive rulings in those proceedings. Construing the complaint liberally, it can only be interpreted as a request for review of the court's judgment in the state court case. Although plaintiff has alleged that defendants engaged in misconduct during the state proceedings, the source of plaintiff's injury derives solely from the state court's decision finding Ms. Herrick to be the presumptive wife of the decedent and naming her as the administrator of the decedent's estate. *Cf. Hillman v. Edwards,* No. 2:11-cv-601, 2011 WL 4711979, at *2 (S.D. Ohio Oct.6, 2011) (rejecting the argument that the plaintiff stated an "independent claim" to the extent the "underlying state action was based on allegations that the named Defendant engaged in misconduct"). Indeed, in a similar case where the plaintiff alleged that the defendant and defendant's attorney committed fraud by lying in a state court proceeding to obtain summary judgment in the defendant's favor, the Seventh Circuit held that the federal district court lacked jurisdiction to consider the plaintiff's "due process" claim because it was "a thinly disguised effort to overturn the [state court] judgment," was "inextricably linked" with the state court's judgment, and was thus barred from review under the *Rooker-Feldman* doctrine. *See Dick v. Towles,* 67 F. App'x 965, 967 (7th Cir. 2003).

Plaintiff may not invoke the federal jurisdiction of the Court by couching his claims in terms of a civil rights action. Any review of the due process claim asserted by plaintiff in this context would require the Court to review the specific issues addressed in the state probate court proceedings. This Court lacks jurisdiction to review the state court proceedings or grant the relief plaintiff requests. Accordingly, his complaint should be dismissed for lack of subject matter jurisdiction.

In the alternative, plaintiff's complaint seeks relief from defendants who are immune from such relief or fails to state a claim upon which relief may be granted. Plaintiff's claims

6

against Judge Kirby are barred by judicial immunity. Judges are afforded absolute immunity from § 1983 liability for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge Kirby in the state court action were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff has alleged no facts indicating that the judge acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, Judge Kirby is absolutely immune from civil liability in this matter.

In addition, the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976); *see also*

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Nor has plaintiff sued a state official seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-43 (1979). Therefore, plaintiff's claims for relief against the State of Ohio should be dismissed.

Also, the Ohio Supreme Court is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court are not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan.11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued). Therefore, the complaint fails to state a claim for relief against the Ohio Supreme Court.

Plaintiff's complaint also fails to state a claim for relief against defendant Herrick. Although plaintiff alleges that defendant Herrick violated his civil rights, plaintiff has alleged no facts giving rise to a cognizable civil rights claim under 42 U.S.C. § 1983. To state a § 1983

claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Plaintiff's claims do not rise to the level of a § 1983 claim. Ms. Herrick is a private party and not a state actor. "[To] act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 28 n.4 (1980) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)). However, absent any allegation suggesting the existence of a conspiracy or joint action with state agents, no § 1983 liability can attach to defendant Herrick. Therefore, the complaint fails to state a claim for relief under § 1983.

Accordingly, plaintiff's complaint should be dismissed for lack of federal jurisdiction, because it seeks relief from defendants who are immune from suit, and for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800,

803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/15/17

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BURTON,
Plaintiff,

vs.

JOSEPH W. KIRBY, et al.,
Defendants.

Case No. 1:17-cv-767
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).